RIVERA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of
Caguas.

No. 16.—Decided November 17, 1908.

APPEAL FROM A DECISION OF THE REGISTRAR—REDEMPTION OF PROPERTY—GANAN-
CIAL PROPERTY.—Where a property is sold at public sale to pay taxes and
it is recorded in the registry of property in favor of the owner thereof, he

being married, and is thereafter redeemed by him, he having become a widower, and recorded in his favor as such, he may sell the same to a third party without the consent of the heirs of his deceased wife.

ID.—EFFECTS OF RECORD.—Where a record is entered in the registry of property, it cannot be disregarded nor can the legal aspect thereof as regards the ownership of the property be ignored, and the record is protected by the courts of justice, they being the only competent authority to decide as to the validity thereof.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal taken by Attorney Rafael Arce on behalf of José P. Rivera Delgádo, from a decision of the Registrar of Property of Caguas, refusing to admit to record a deed of sale.

On August 17, 1904, The People of Porto Rico purchased at public sale and recorded in its name, a tract of land containing 43 *cuerdas* situated in the *barrio* of Mulas, in the municipal district of Aguas Buenas, which estate was the property of Ezequiel Flores Carrasquillo, a taxpayer in arrears who had previously acquired and recorded it in the registry, while married.

On May 1, 1907, said Ezequiel Flores Carrasquillo, at that time a widower, redeemed said estate and recorded it in his name in the Registry of Property of Caguas, it being therein stated that he was a widower.

By public deed executed in the city of Caguas on July 15, 1907, before Notary Rafael Arce, Ezequiel Flores Carrasquillo sold said estate to José P. Rivera Delgádo, and upon the presentation of this deed for record, the registrar denied it on the grounds set forth in the decision placed at the end thereof, which reads as follows:

"The record of this document is denied, because the estate sold was acquired by Ezequiel Flores Carrasquillo while married to Dolores Flores González, during which marriage it was awarded to The People of Porto Rico for nonpayment of taxes, and although said estate was redeemed after the death

of said Dolores Flores y González, said redemption could only have been made in the name of the legal partnership of the said spouses, now represented by the widower, Ezequiel Flores Carrasquillo, and his children Flora, Vidal, Julio Felipe and María, and, therefore, if Ezequiel Flores Carrasquillo should not duly establish that said estate had been awarded to him in the liquidation of the said partnership, it is indispensable that the said heirs ratify such sale; in lieu of such record a cautionary notice has been entered effective for the period of 120 days, in view of another document, at folio 225 over, of volume 4 of Aguas Buenas, estate No. 187, record letter C. Caguas, July 27, 1908. Abella Baston, Registrar.''

In due time Attorney Ramón Arce took an appeal from this decision on behalf of José P. Rivera Delgádo, seeking the reversal thereof and the issuance of an order to the registrar to record said deed.

The estate in question having been recorded in the name of Ezequiel Flores Carrasquillo, when a widower, the nature of the right thereto of the said Flores is prejudged in the registry and neither the registrar in classifying nor the administrative authorities in taking cognizance of the matter on appeal, can be permitted to ignore such record and its legal significance with respect to the ownership of the real property. It would be a different matter to reverse what has already been qualified by a competent official, which qualification for the purposes of registration became final for administrative purposes the moment it gave rise to a record which comes under the protection of the courts of justice, which are the only ones competent to decide as to its validity or inefficiency, as the Direction of Registries has repeatedly held in its decisions of June 15, 1884, April 4, November 19, and December 17, 1885, July 23, 1887, May 1, 1890, and June 21, 1891. (Decision of December 30, 1892.)

The right of the widower, Flores, having been previously recorded, and who in the same state of widowhood sold to the appellant, Rivera, who acquired his right from a person who

had it according to the registry, the provisions of article 20 of the Mortgage Law apply.

The decision of the Registrar of Property of Caguas placed at the end of the deed in question is reversed, and it is held that said deed is recordable and should be recorded forthwith. And it is ordered that the documents presented be returned to the Registry of Property of Caguas with a certified copy of this decision for the information of the person interested and other proper purposes.

*Reversed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.